UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Jaime Ortiz, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

         *Plaintiff,*

  - against -

5 Star Valet LLC, Brian "Doe", and John "Doe",

         *Defendants.*
------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

  Plaintiff Jaime Ortiz ("Plaintiff" or "Ortiz"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendants 5 Star Valet LLC, (the "Corporate Defendant"), Brian "Doe", and John "Doe" (together, the "Individual Defendants", and collectively with the Corporate Defendant, the "Defendants"), and states as follows:

## NATURE OF THE ACTION

  1. Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

  2. Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

1

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF JAIME ORTIZ**

6. Plaintiff Ortiz was employed as a car valet at Defendants' valet service ("5 Star Valet").

7. Plaintiff Ortiz was employed as a non-managerial employee at 5 Star Valet from approximately July 2021 through and including January 26, 2022, and from May 4, 2022 through and including July 13, 2022.

8. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

9. At all relevant times, Plaintiff has been a manual worker within the meaning of NYLL § 191(1)(a).

**DEFENDANT 5 STAR VALET LLC**

10. Upon information and belief, Defendant 5 Star Valet LLC maintains a principal place of business at 96 Grove Street, Englewood, NJ 07631.

11. At all times relevant to this Complaint, Defendant 5 Star Valet LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

12. At all times relevant to this Complaint, Defendant 5 Star Valet LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

13. At all times relevant to this Complaint, Defendant 5 Star Valet LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

14. Defendant 5 Star Valet LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

15. Defendant 5 Star Valet LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT BRIAN "DOE"**

16. Defendant Brian "Doe" is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

17. Defendant Brian "Doe" is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

18. Defendant Brian "Doe" possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

19. Defendant Brian "Doe" determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

20. At all times relevant to this Complaint, Defendant Brian "Doe" was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT JOHN "DOE"**

21. Defendant John "Doe" is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

22. Defendant John "Doe" is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

23. Defendant John "Doe" possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

24. Defendant John "Doe" determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

25. At all times relevant to this Complaint, Defendant John "Doe" was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

26. Defendants own, operate and/or control 5 Star Valet.

27. The Individual Defendants possess operational control over the Corporate Defendant, possess an ownership interest in the Corporate Defendant, and controls significant functions of the Corporate Defendant.

28. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

30. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

32. Upon information and belief, the Individual Defendants operate the Corporate Defendant as either an alter ego of themselves, and/or fail to operate the Corporate Defendant as an entity legally separate and apart from themselves, by, among other things:

  a. failing to adhere to the corporate formalities necessary to operate the Corporate Defendant as a separate and legally distinct entity;

  b. defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    c.      transferring assets and debts freely as between all Defendants;

    d.      operating the Corporate Defendant for their own benefit as the majority shareholders;

    e.      operating the Corporate Defendant for their own benefit and maintaining control over it as a closed corporations or a closely controlled entity;

    f.      intermingling assets and debts of their own with the Corporate Defendant;

    g.      diminishing and/or transferring assets of the Corporate Defendant to protect their own interests; and

    h.      other actions evincing a failure to adhere to the corporate form.

33.      At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

34.      Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

35.      Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

36.      Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

37.      Plaintiff was an employee of Defendants.

38.      Plaintiff was employed as a car valet at 5 Star Valet.

39.      From approximately July 2021 through and including January 26, 2022, Plaintiff worked four (4) days per week, from 4:00 p.m. to 1:00 a.m. or 3:00 a.m. (*i.e.,* 9 or 11 hours per

day), for a total period of approximately 36 to 44 hours during each of the weeks, respectively.

40. From approximately May 4, 2022 through and including July 13, 2022, Plaintiff worked five (5) days per week, from 4:00 p.m. to 1:00 a.m. or 3:00 a.m. (*i.e.,* 9 or 11 hours per day), for a total period of approximately 45 to 55 hours during each of the weeks, respectively.

41. From approximately July 2021 through and including January 26, 2022, and from May 4, 2022 through and including July 13, 2022, Plaintiff's wages only consisted of gratuities received from customers.

42. Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

43. At all relevant times, Defendants did not compensate Plaintiff for one hour's pay at the basic minimum hourly wage rate for each day his shift exceeded ten (10) hours.

44. Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

45. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

46. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

47. Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

48. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited security guards) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

50. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

51. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

52. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

53. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

54. Defendants willfully and intentionally failed to compensate the Plaintiff with the

applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

55. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

56. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

57. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

58. At all relevant times to this action, Plaintiffs are covered, non-exempt employees within the meaning of the FLSA.

59. Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

60. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

61. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

62. Due to Defendants' willful violations of the FLSA, Plaintiff is entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

63. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

64. Defendants willfully and intentionally failed to compensate the Plaintiffs with the applicable minimum hourly wage in violation of the NYLL §650 et seq.

65. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiffs.

66. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

67. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

68. Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

69. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

70. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

71. Defendants willfully violated the NYLL by knowingly and intentionally failing to

pay Plaintiffs overtime wages.

72. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

73. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

74. Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiffs' shifts spread over more than ten (10) hours.

75. By Defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants willfully violated §650 et seq. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

76. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

77. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

78. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

79. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time

of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

80. Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

81. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

82. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

83. As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, on behalf of himself and FLSA Collective Plaintiffs,

respectfully requests that this Court enter a judgment:

    a.    authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

    b.    certification of this case as a collective action pursuant to the FLSA;

    c.    issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

    d.    declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

    e.    declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

    f.    declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

    g.    declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

    h.    awarding Plaintiff unpaid minimum wages;

    i.    awarding Plaintiff unpaid overtime wages;

    j.    awarding Plaintiff unpaid spread-of-hours pay;

    k.    awarding Plaintiff unlawful deductions;

    l.    awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

    m.    awarding unpaid wages under the NYLL and the New York State contract law;

    n.    awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

o. awarding Plaintiff pre- and post-judgment interest under the NYLL;

p. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

q. Such other relief as this Court deems just and proper.

Dated: New York, New York
       August 12, 2022

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: /s/ Joshua Levin-Epstein
    Joshua Levin-Epstein
    Jason Mizrahi
    60 East 42nd Street, Suite 4700
    New York, New York 10165
    Tel: (212) 792-0046
    Email: Joshua@levinepstein.com
    *Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*