```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
JAIME ORTIZ, on behalf of himself and others similarly              :
situated in the proposed FLSA Collective Action,                    :
                                                                    :
                                          Plaintiff,                :
                                                                    :
                    -against-                                       :
                                                                    :
5 STAR VALET LLC, BRIAN "DOE", and JOHN                             :
"DOE",                                                              :
                                                                    :
                                          Defendants.               :
                                                                    :
------------------------------------------------------------------- X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/2022
```

1:22-cv-6871-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

Plaintiff commenced this action against Defendants 5 Star Valet LLC and unidentified defendants, Brian "Doe," and John "Doe," on August 12, 2022. Dkt. No. 1. An electronic summons was issued as to 5 Star Valet on August 15, 2022. Dkt. No. 5. As the complaint was filed on August 12, 2022, the ninety-day window for service on all defendants closed on November 10, 2022. As of November 16, 2022, there was no indication on the docket that Plaintiff had served any of the defendants. Nor had Plaintiff requested an extension of time to serve the defendants.

As a result, on November 16, 2022, the Court ordered Plaintiff to show cause no later than November 22, 2022 why this case should not be dismissed without prejudice for failure to serve the defendants within 90 days after the complaint was filed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See* Dkt No. 7; Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Plaintiff's counsel filed a response to the Court's November 16, 2022 order on November 22, 2022. Dkt. No. 9. In that response, Plaintiff's counsel requested that the Court extend the

deadline for completing service on the defendants to December 22, 2022 and also requested leave to file a proposed amended complaint. *Id.* at 1-2.  In support of the application, Plaintiff's counsel stated that he "has been unsuccessful in attempting service on the individual defendant, who was previously pled herein as Brian 'Doe'" and that Plaintiff had "only recently identified the name, and address, of the corporate defendant's [principal], Bryan Lopez (originally pled as Brian 'Doe')." *Id.*  But the application provided no further detail.  The response did not describe any specific efforts to effectuate service on any of the defendants.[1]  And the response provided no justification for Plaintiff's failure to seek an extension of the deadline to serve the defendants before its expiration. *Id.*[2]

Federal Rule of Civil Procedure 4(m) provides that "if the plaintiff shows good cause for the failure" to serve a defendant within 90 days after the complaint is filed, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).  A district court's "determination[] on whether good cause is present (and, if so, how long an extension would be appropriate) are exercises of discretion." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007).  A "district court *may* grant an extension in the absence of good cause, but it is not required to do so." *Id.* (emphasis in original).  When determining whether to grant an extension in the absence of good cause, district courts generally consider "(1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 435 (S.D.N.Y. 2016).

---

[1] And in the absence of any description of any concrete efforts to effectuate service, the language of the affirmation—that Plaintiff's counsel had been "unsuccessful in attempting service"—is construed by the Court as written: namely, that Plaintiff failed to attempt service.  The phrase "unsuccessful in attempting service" is not synonymous with either "unsuccessful in its attempts to serve" or "unsuccessful in serving," as counsel was likely aware when crafting the phrase.
[2] Moreover, none of the facts presented in support of the application are presented in an affidavit or affirmation.

Plaintiff has not shown good cause for his failure to serve the defendants. First, Plaintiff has not established good cause for his failure to serve 5 Star Valet. The complaint states that Plaintiff was employed by 5 Star Valet as a car valet, and that 5 Star Valet "maintains a principal place of business at 96 Grove Street, Englewood, NJ 07632." Dkt. No. 1 ¶¶ 6-7, 10. The electronic summons issued as to 5 Star Valet on August 15, 2022 lists the same address. Dkt. No. 5. Plaintiff was well aware of the corporate address of the defendant, and, given that it was a corporate entity, service might have readily been effectuated through the state of its organization. Plaintiff has not shown any cause, much less good cause, for his failure to serve the entity timely. The Court concludes that Plaintiff has not demonstrated good cause for his failure to serve 5 Star Valet. *See George*, 221 F. Supp. 3d at 434 (holding that plaintiff failed to establish good cause for failure to timely serve defendants where plaintiff did not point to circumstances beyond his control and failed to request an extension of time to complete service, among other factors).

Second, Plaintiff has not demonstrated good cause for his failure to identify and timely serve the individuals sued here as Brian "Doe" and John "Doe." Plaintiff's counsel represents that he "only recently" identified the name and address of the individual sued as Brian "Doe." However, Plaintiff has not demonstrated diligence in his efforts to identify that individual. Plaintiff does not describe any efforts he made or challenges he faced in attempting to uncover the true identity of Brian "Doe" prior to the issuance of the Court's order to show cause. The assertion that he "only recently" discovered the identity of Brian "Doe" does not suffice to demonstrate that Plaintiff was acting diligently to discover his identity throughout the 90-day period, as opposed to only recently having begun the effort. Plaintiff has provided no information regarding any efforts to unearth the identity of John "Doe" at any time. Nor does Plaintiff justify his failure to request an extension of the 90-day deadline established by Rule 4(m) to identify either of these individuals, to name them in an amended complaint, and to timely serve them. Plaintiff has provided no explanation for these

3

failures. Accordingly, Plaintiff has not demonstrated good cause. *See Clarke v. Sec. King Int'l LLC*, No. 22 CIV. 5082 (JPC), 2022 WL 5107195, at *1 (S.D.N.Y. Oct. 4, 2022) (determining that plaintiff did not demonstrate good cause for failure to timely serve an individual "Doe" defendant and another individual defendant where plaintiff "did not present any details of his attempt to identify" the Doe defendant and did not describe "any exceptional circumstances preventing him from timely serving" the individual defendants").

The Court declines to exercise its discretion to extend Plaintiff's deadline to serve the defendants. Plaintiff has not argued that this case would be barred by any statutes of limitations if it is refiled. Plaintiff brings claims under the Fair Labor Standard Act (the "FLSA"), the New York Labor Law, (the "NYLL"), and the NYLL's Wage Theft Prevention Act ("WTPA"). Dkt. No. 1 ¶ 2. Plaintiff alleges that he was employed by 5 Star Valet from July 2021 through January 26, 2022 and from May 4, 2022 through July 13, 2022. *Id.* ¶ 7. The FLSA's statute of limitations is two years or, in the case of willful violations, three years, while the NYLL's statute of limitations is six years. *See Garcia v. Saigon Grill Inc.*, No. 15-CV-9433 (VSB), 2022 WL 1218482, at *2 (S.D.N.Y. Apr. 25, 2022). Thus, it does not appear, based on the present record, that this action would be barred by any applicable statutes of limitations if refiled. The Court is unaware of whether the defendants had actual notice of the claims asserted in the complaint, whether the defendants attempted to conceal the defect in service, or whether the defendants would be prejudiced by extending Plaintiff's time. Thus, those factors are neutral. As discussed, Plaintiff has not adequately explained his failure to serve the defendants by the 90-day deadline. It appears that Plaintiff simply neglected this case until prompted by the Court's order. And Plaintiff has not advanced a colorable excuse for his neglect. As such, a discretionary extension of the deadline to serve is unwarranted. *See Cassano v. Altshuler*, 186 F. Supp. 3d 318, 323 (S.D.N.Y. 2016) ("To obtain a discretionary extension absent a showing of good cause, the plaintiff must ordinarily advance some colorable excuse for neglect.") (internal

4

quotation marks omitted).

Because Plaintiff has not shown good cause for his failure to effectuate timely service on the defendants, this action is dismissed without prejudice pursuant to Rule 4(m). *See Clarke*, 2022 WL 5107195, at *1 (dismissing without prejudice case brought under federal and state wage laws as to an individual "Doe" defendant and another individual defendant due to plaintiff's failure to timely serve these defendants).

Plaintiff is directed to serve a copy of this order on all defendants in this action and to retain proof of service.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: December 2, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge